IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICCI ANGELINE | : | CIVIL ACTION |
| v. | : | |
| COMMUNITY EDUCATION CENTERS, INC., et al. | : | NO. 13-CV-3492 |

FILED

FEB 1 0 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

Ditter, J.                                                                                          February 10, 2014

Plaintiff has filed this action alleging violations of his civil rights by the Community Education Centers, Inc. ("CEC"), a company contracted to provide correctional services by the Delaware County Prison Board that operates the George W. Hill Correctional Facility, and Sergeant Tyrance Moore,[1] a correctional officer at that prison. Defendants filed a motion to dismiss the complaint, and in response, Angeline filed an amended complaint. In the amended complaint, Angeline raises claims of excessive force (Count I), and assault and battery (Count III) against Sgt. Moore, and a failure to train claim (Count II) against CEC. Defendants filed a motion to dismiss Count I and Count II of the amended complaint and Angeline has responded. For the reasons that follow, the motion will be granted in part and denied in part.

1. Factual Allegations

Angeline contends that he was assaulted in his prison cell by Sgt. Moore on

---

[1] Sergeant Moore is incorrectly identified as Jay Moore in the complaint.

August 22, 2012. Angeline was washing his hands in the sink area when Sgt. Moore entered the cell demanding to know why Angeline was washing his hands and why he had flushed the toilet. Sgt. Moore handcuffed Angeline with his hands behind his back and, without warning, sprayed mace in Angeline's eyes. While Angeline was totally defenseless, Moore struck him in the mouth with the mace can and knocked him to the ground. The force of the blow to the face knocked out Angeline's two front teeth causing him pain, disfigurement, and humiliation.

2. Standard of Review

The standard of review for a motion to dismiss is well established. Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party. However, recitation of the elements of a cause of action, supported by mere conclusory statements, is insufficient to establish that a claim is plausible. I may dismiss the complaint only if it is clear that no plausible claim for relief has been raised.

3. Discussion

A. Excessive Force Claim against Sgt. Moore – Count I

The Eighth Amendment protects an inmate from a prison official's excessive or unjustified use of force. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). The test for whether a claim of excessive force is constitutionally actionable is "whether force was

applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitely v. Albers,* 475 U.S. 312, 319 (1986). The relevant factors to consider are: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the extent of injury inflicted; 4) the extent of the threat to the safety of staff members and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and 5) any efforts made to temper the severity of a forceful response. *Id.*

Moore contends Count I must be dismissed because Angeline has failed "to state the duration and the extent of the alleged assault, his own actions, and whether he was compliant with the Defendant's request." *See Defs. Mem.* at 10. These facts are relevant to the ultimate decision of liability; however, at this stage of the proceedings, I find that Angeline has sufficiently pled a claim for excessive force.

Angeline describes a situation where he was doing nothing wrong, Moore unexpectedly entered his cell and, without explanation, used mace and hit him in the mouth with sufficient force to knock out two teeth – all while he was handcuffed. Such behavior has been found excessive. *See Giles v. Kearney,* 571 F.3d 318 (3d Cir. 2009) (use of force while inmate was fully restrained is excessive). The motion to dismiss Count I will be denied.

B. *Monell* Claim Against CEC – Count II

CEC contends that Angeline has failed to assert facts sufficient to demonstrate that that CEC, as an agent of Delaware County, through the implementation of municipal

policy or custom, caused the underlying constitutional violation. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). Angeline concedes he has failed to allege sufficient facts to plead a *Monell* claim. Accordingly, Count II will be dismissed.

4. Conclusion

After consideration of the defendants' motion to dismiss and Angeline's response, I will grant the motion as to Count II and dismiss CEC from this cause of action. I will deny the motion as to Count I and permit Angeline to proceed on Counts I and III against Sgt. Moore.

An appropriate order follows.